IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER RICHARD, ) | | |
| on behalf of himself and a class, ) | | |
| ) | | |
| Plaintiff, ) | Judge Kennelly | |
| ) | | |
| -vs- ) | Case No.:   09 CV 3864 | |
| ) | | |
| WEST ASSET MANAGEMENT, INC., ) | Magistrate Judge Schenkier | |
| ) | | |
| Defendant. ) | | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant West Asset Management, Inc. (West), by and through undersigned counsel, and for its answer to Plaintiff's complaint, states as follows:

1.      Plaintiff Peter Richard brings this action to secure redress from unlawful credit and collection practices engaged in by defendant West Asset Management, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

**Answer:     West admits that Plaintiff purports to bring an action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA) and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. (ICAA), but denies any liability, violations, and wrongdoing under the law.**

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or

misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**Answer:** **Paragraph 2 directs no allegations at West and contains only a conclusion of law to which no answer is required. To the extent an answer is required, West denies that it acted in a way that was prohibited by or violated the FDCPA.**

3. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes….It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

**Answer:** **Paragraph 3 directs no allegations at West and contains only a conclusion of law to which no answer is required. To the extent an answer is required, West denies that it acted in a way that was prohibited by or violated the ICAA.**

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

**Answer:** **West admits the allegations of ¶ 4 for jurisdictional purposes only.**

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

**Answer:** **West admits the allegations of ¶ 5 for venue and personal jurisdictional purposes only.**

6. Plaintiff Peter Richard is an individual who resides in the Northern District of Illinois.

**Answer:** **West is without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶ 6, which has the effect of a denial.**

7. Defendant West Asset Management, Inc. is a corporation with offices located at 3432 Jefferson Avenue, Texarkana, Arkansas 71854, and 11808 Miracle Hills Drive, Omaha, Nebraska 68154. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**Answer:** **West admits the allegations of ¶ 7.**

8. West Asset Management, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**Answer:    West admits only that a part of its business involves the collection of consumer debt originally owed to others through the use of mail and telephones.  Except as specifically admitted, West denies the allegations of ¶ 8.**

9.    West Asset Management, Inc. is licensed as a collection agency by the state of Illinois under the ICAA.

**Answer:    West admits the allegations of ¶ 9.**

10.    West Asset Management, Inc. is a debt collector under the FDCPA.

**Answer:    West admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA.  Except as specifically admitted, the allegations of ¶ 10 are denied.**

11.    Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

**Answer:    West admits only that it was attempting to collect a debt owed by Plaintiff.  West is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of ¶ 11, which has the effect of a denial.**

12.    On June 8, 2009 and multiple prior occasions, plaintiff received the following scripted telephone message on the voicemail associated with his cell phone:

> **Hello, this is an important call for Peter Richards. Please call us back toll free at 1-866-512-8717, regarding reference number 169444603. This message is due to an important matter and is not a solicitation. Please call back today. Thank you.**

**Answer:    West denies the allegations of ¶ 12.**

13. The number 866-512-8717 is issued to defendant.

**Answer:   West admits the allegations of ¶ 13.**

14. The calls did not identify the company calling or state that the calls were for debt collection purposes.

**Answer:   West denies the allegations of ¶ 14.**

15. On information and belief, defendant has a standard policy and practice of leaving telephone messages that do not identify the company calling or state that the call is for collection purposes.

**Answer:   West denies the allegations of ¶ 15.**

16. This claim is brought on behalf of a class, consisting of (a) all persons (b) with telephone numbers in the 773 area code (c) for whom defendant left voicemail or answering machine messages (d) that did not identify defendant or state that the call was for collection purposes (e) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**Answer:   West admits that Plaintiff purports to bring this action as a class action, but denies that this action or Plaintiff's proposed class definition meets the requirements of Fed. R. Civ. Pro. 23.**

17. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

**Answer:   West denies the allegations of ¶ 17.**

18. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's calls violates the FDCPA.

**Answer:** **West denies the allegations of ¶ 18.**

19. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

**Answer:** **West denies the allegations of ¶ 19.**

20. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions.

**Answer:** **West denies the allegations of ¶ 20.**

21. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

**Answer:** **West denies the allegations of ¶ 21.**

### COUNT I - FDCPA

22. Plaintiff incorporates paragraphs 1-21.

**Answer:** **West re-alleges and re-avers defendant's answers to ¶ ¶ 1 - 21 as if set forth fully herein.**

23. Defendant's telephone messages violated 15 U.S.C §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

**Answer:** **West denies the allegations of ¶ 23.**

24. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems,* 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F. Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J.J. MacIntyre Cos.,* 281 F. Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC.* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla., July 14, 2006).

**Answer:** **West denies the allegations of ¶ 24, which calls for a legal conclusion.**

25. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

   a. The messages do not contain the warning required by 15 U.S.C. §1692e(11).

   b. The messages did not identify defendant.

**Answer:** **West denies the allegations of ¶ 25.**

26. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

**Answer:** **Paragraph 26 directs no allegations at West and contains only a legal conclusion to which no answer is required. To the extent such an answer is necessary, to the extent Plaintiff alleges West violated the statute, or to the extent**

7

that the excerpt derogates from the language of the statute, West denies the allegations of ¶ 26.

27. Section 1692e Provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .

**Answer:** Paragraph 27 directs no allegations at West and contains only a legal conclusion to which no answer is required. To the extent such an answer is necessary, to the extent Plaintiff alleges West violated the statute, or to the extent that the excerpt derogates from the language of the statute, West denies the allegations of ¶ 27.

## COUNT II – ILLINOIS COLLETION AGENCY ACT

28. Plaintiff incorporates paragraphs 1-21.

**Answer:** West re-alleges and re-avers defendant's answers to ¶ ¶ 1 - 21 as if set forth fully herein.

29. Defendant violated the following provisions of 225 ILCS 425/9:

…(21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade of business name, under

8

**which the debt collector is engaging in debt collections and which he or she is legally authorized to use….**

**Answer: West denies the allegations of ¶ 29.**

30.     A private right of action exists for violations of the ICAA. *Sherman v. Field Clinic*, 72 Ill.App.3d 21, 392 N.E.2d 154(1st Dist. 1979).

**Answer: West denies the allegations of ¶ 30.**

AND NOW, in further Answer to the Complaint, Defendant West avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against West upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event West is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

## **FOURTH AFFIRMATIVE DEFENSE**

West denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of West's purported violations.

WHEREFORE, Defendant West Asset Management, Inc. respectfully requests that this answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for West, and for all other general and equitable relief.

                                            Respectfully submitted,

                                            /s/ James K. Schultz
                                            Attorney for Defendant West

David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone:  (504) 828-3700
Facsimile:  (504) 828-3737
E-Mail:     disrael@sessions-law.biz

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
55 West Monroe, Suite 1120
Chicago, IL  60603
Telephone:  (312) 578-0990
Facsimile:  (312) 578-0991
E-Mail:     jschultz@sessions-law.biz

Attorneys for Defendant West Asset Management, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on this 28th day of July, 2009, a copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Daniel A. Edelman
    Francis R. Greene
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    120 S. LaSalle Street 18th Floor
    Chicago, Illinois 60603

    /s/ James K. Schultz
    Attorney for Defendant